IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : Case No.: 18-13947 |
| **Stacy A McCauley Cooney** | : Chapter 13 |
| | : Judge Magdeline D. Coleman |
| Debtor(s) | : \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* |
| | : |
| **Nationstar Mortgage LLC d/b/a Mr. Cooper** | : Date and Time of Hearing |
| | : March 26, 2020 at 11:00 a.m. |
| Movant, | : |
| vs | : Place of Hearing |
| | : U.S. Bankruptcy Court |
| **Stacy A McCauley Cooney** | : 900 Market Street, Courtroom #2 |
| | : Philadelphia, PA, 19107 |
| **William C. Miller** | : |
| Respondents. | Related Document # 53 |

### STIPULATION FOR SETTLEMENT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 313 BEECHTREE DR, BROOMALL, PA 19008 (Dkt. #53)

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #53) which was filed in this court by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Movant"), Movant and Stacy A McCauley Cooney by and through counsel ("Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of February 2020 through March 2020, incurring a total post-petition arrearage of $6,535.70, which consists of 2 post-petition payments for February 1, 2020 through March 1, 2020 at $2,652.35 each and attorney fees and costs of $1,231.00. There is $2,513.04 in suspense, which reduces the total post-petition arrearage to $4,022.66.

3. Debtor shall repay the total post-petition arrearage of $4,022.66 directly to the Chapter 13 Trustee who shall then disperse the funds to Creditor.

4. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the April 1, 2020 post-petition payment.

19-011212_SCS2

5. Debtor shall file a modified Chapter 13 Plan wherein the post-petition arrearage for the months of February 2020 through March 2020 is included in the Plan. Debtor shall file the Motion to Modify Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

6. Movant is permitted to file a Supplemental Proof of Claim in the amount of $4,022.66 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

7. Payments shall be sent to:

   Nationstar Mortgage LLC d/b/a Mr. Cooper
   Attention: Bankruptcy Department
   PO Box 619094
   Dallas, TX 75261-9741

8. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

9. The following are events of default under this Stipulation:

   a. Debtor's failure to file a Modified Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

   b. Debtor's failure to remit any two (2) post-petition monthly mortgage payments;

   c. Debtor's failure to remit any two (2) consecutive payments to the Chapter 13 trustee.

10. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

12. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates his case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

13. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 3/23/2020

BY: *K. Velter*
Karina Velter (94781)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611; Fax 614-627-8181
Email: kvelter@manleydeas.com
Attorney for Creditor

Dated: 3/22/20

BY: *[signature]*
Brad J. Sadek
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

s/ LeeAne O. Huggins    Without prejudice to any trustee rights or remedies 4/3/2020

William C. Miller
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

3