IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : Case No.: 18-13947 |
| Stacy A McCauley Cooney | : Chapter 13 |
| | : Judge Magdeline D. Coleman |
| Debtor(s) | : \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* |
| | : |
| Nationstar Mortgage LLC d/b/a Mr. Cooper | : Date and Time of Hearing |
| | : |
| Movant, | : |
| vs | : Place of Hearing |
| | : U.S. Bankruptcy Court |
| Stacy A McCauley Cooney | : 900 Market Street, Suite 400, Courtroom #2 |
| | : Philadelphia, PA, 19107 |
| William C. Miller, Esq. | : |
| Respondents. | Related Document # 94 |

## STIPULATION FOR SETTLEMENT OF MOTION TO VACTAE ORDER FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 313 BEECHTREE DR, BROOMALL, PA 19008 (DOCKET # 94)

This matter coming to be heard on the *Motion for Relief to Vacate Order for Relief* (Dkt. #94) which was filed in this court by Stacy A McCauley Cooney by and through counsel ("Debtor"), and response of Nationstar Mortgage LLC d/b/a Mr. Cooper ("Movant"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Order Granting the Motion for Relief from Stay entered on May 2021 at Docket is hereby vacated and the stay is **REINSTATED.**

2. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

3. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of April 2020 through June 2021, incurring a total post-petition arrearage of $39,819.45, which consists of 3 post-petition payments for April 2020 through June 2020 at $2,652.35 each, 12 post-petition payments for July 2020 through June 2021 at $2,655.20 each.

1

19-011212_HAF

4. Debtor shall repay the total post-petition arrearage of $23,888.25 directly to the Creditor within 10 days of the order entered reinstating the stay. This amount does not include the post-petition default listed in the plan resulting from a prior motion for relief from stay or from Debtor's Covid forbearance plan. Those amounts will continue to be paid through the plan by the Trustee.

5. Movant shall file a Supplemental Proof of Claim in the amount of $15,931.20 representing the July 2020 through December 2020 payments pursuant to the motion to modify plan filed January 6, 2021, docket number 86. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

6. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the July 2021 post-petition payment.

7. Payments shall be sent to:

Nationstar Mortgage LLC d/b/a Mr. Cooper
Attention: Bankruptcy Department
PO Box 619094
Dallas, TX 75261-9741

8. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

9. The following are events of default under this Stipulation:

   a. Debtor's failure to cure the arrearage listed in paragraph 4 within 10 days of the Court Order approving this stipulation;

   b. Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

10. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

12. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates his case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

13. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: July 13, 2021

BY: /s/ Sarah E. Barngrover
Sarah E. Barngrover (323972)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611; Fax 614-627-8181
Email: sebarngrover@manleydeas.com
Attorney for Creditor

Dated: 7/12/21

BY: 
Brad J. Sadek
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

/s/LeeAne O. Huggins
William C. Miller, Esq.
P.O. Box 1229
Philadelphia, PA 19105